Filed 6/15/22  P. v. Cory CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RYAN DALE CORY,<br><br>Defendant and Appellant. | F083338<br><br>(Tulare Super. Ct. No. VCF380075)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Peña, J. and Meehan, J.

## INTRODUCTION

Appellant and defendant Ryan Dale Cory was placed on probation pursuant to a negotiated disposition, violated probation by committing several new offenses, admitted the violation, and was sentenced to four years in prison for his original felony conviction. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### Case No. VCF380075[1]

On May 19, 2019, appellant and the victim had been in a relationship for about two years.  They were both homeless and used methamphetamine.  On that day, they argued about another woman.  The victim became angry and threw a small plastic bottle of laundry detergent at appellant's back and told him to stay away from her.  Appellant used a metal stick that was approximately two feet long to hit the victim on the top of her head.  The stick cut her forehead and caused bleeding.  Appellant tried to leave, but someone called the police.  The victim told responding officers she did not want hospital treatment.

#### *Plea and Probation*

On May 13, 2019, a complaint was filed in the Superior Court of Tulare County case No. VCF380075, charging appellant with count 1, felony assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1));[2] and count 2, felony infliction of corporal injury to a spouse/cohabitant/person in a dating relationship with two prior domestic violence convictions within seven years (§ 273.5, subd. (f)(1)), with the personal use of a deadly or dangerous weapon (§ 12022, subd. (b)(1)).  It was also alleged that appellant had one

---

[1] The following facts are from the preliminary hearing in case No. VCF380075.

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

prior strike conviction and one prior serious felony conviction enhancement (§ 667, subd. (a)).

On July 9, 2019, the preliminary hearing was conducted, and appellant was held to answer. Thereafter, appellant entered into a negotiated disposition and pleaded no contest to count 2, for a suspended sentence and probation, and dismissal of the other charges and allegations.

On August 19, 2019, appellant was sentenced consistent with the plea agreement to the midterm of four years for count 2, execution of sentence was suspended for three years, and placed on formal probation subject to certain terms and conditions, including service of local time and enrollment in a 52-week batterer's program.

The court imposed a $350 restitution fine (§ 1202.4, subd. (b)), stayed the probation revocation fine in the same amount (§ 1202.44), and reserved victim restitution. It also imposed the court operations assessment of $40 (§ 1465.8) and the criminal conviction assessment of $30 (Gov. Code, § 70373).

On September 27, 2019, the court modified the probation order to waive appellant's payment of the fee for the batterer's program.

**Probation Violation**

On February 18, 2021, a probation officer filed a sworn affidavit in court that appellant violated probation in case No. VCF380075 by failing to report, failing to attend the batterer's program, and failing to obey all laws by committing drug and trespass-related offenses that resulted in misdemeanor and infraction charges filed against him.

On February 23, 2021, the court revoked appellant's probation and issued a bench warrant for appellant's arrest. On February 25, 2021, appellant was booked into custody.

On April 16, 2021, the court heard and denied appellant's motion to discharge counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

On May 10, 2021, upon the request of defense counsel, the court declared a doubt as to appellant's competency, suspended proceedings, and ordered an evaluation pursuant to section 1368.

On June 7, 2021, the court reviewed the expert's report, found appellant was competent, and reinstated criminal proceedings. On July 21, 2021, the court heard and denied another *Marsden* motion.

### *Hearing and Admission of Probation Violations*

On July 23, 2021, the court held an evidentiary hearing on the probation violation allegations. Visalia Police Officer Fernandes testified that on April 19, 2020, he was dispatched on a report of transient activity in the area of McAuliff and Mill Creek. Upon arrival, he found multiple people and a methamphetamine pipe on the ground. Appellant claimed ownership of the pipe.

On August 6, 2021, the court did not hear further evidence because appellant admitted he violated probation in case No. VCF380075 by failing to obey all laws. He also pleaded no contest to several pending misdemeanor cases.

## Sentencing Hearing

On August 26, 2021, the court conducted the sentencing hearing. Appellant requested the court follow the probation department's recommendation to reinstate probation and place him in a particular drug treatment program.

The court denied appellant's request for probation:

"Since [appellant has] been granted probation, he hasn't complied with any of the important conditions. Most significantly, he hasn't done any of the batterer's treatment program as I understand it. He's picked up a large number of misdemeanor cases. In short, there's just been an utter either unwillingness or inability from [appellant] to comply with probation here.

"At this point, given [appellant's] history, which goes back to 1988, that includes all types of offenses from possession of stolen property to battery to driving under the influence, trespassing, felony domestic violence in 2009, welfare fraud, violations of a Court order in 2014, another felony

4.

domestic violence, and a criminal threats charge in 2014, resisting arrest, tons of drug offenses, I just see no likelihood at this point that [appellant] is going to comply with probation.

"I don't see a stay in a residential treatment program in the nature of the Robertson House being anywhere near the quality to the point to get [appellant] on track, so I'm not willing to follow the recommendation of probation in this matter and put [appellant] on probation here again. I think that would be an exercise in futility."

In case No. VCF380075, the court terminated probation and reimposed the previously suspended midterm of four years for count 2, infliction of corporal injury.

The court reimposed the $350 restitution fine, suspended the parole revocation fine in the same amount (§ 1202.45), and ordered appellant to pay the previously suspended probation revocation fine of $350, the court operations assessment of $40, and the criminal conviction assessment of $30.

On September 21, 2021, appellant filed a timely notice of appeal.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on February 14, 2022, we invited appellant to submit additional briefing. He has failed to do so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[3]

## DISPOSITION

The judgment is affirmed.

---

[3] We note that appellant had the statutory right to object to the $350 restitution fine since it exceeded the statutory minimum amount but failed to do so and has thus forfeited any challenge to his ability to pay that amount. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154.)